CABALLERO, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Agricultural Loan and Mortgage.

No. 581.—Decided February 15, 1924.

CONJUGAL PARTNERSHIP PROPERTY — MORTGAGE — GROWING CROPS — CONSENT OF WIFE—AGRICULTURAL LOAN.—In order that an agricultural loan secured by growing crops on ganancial property may be recorded the express consent of the wife is necessary and it is not sufficiently supplied by the mere fact that she appears before the notary and states that she accepts and ratifies it.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellant.

The respondent appeared by brief.

Mr. Justice Franco Soto delivered the opinion of the court.

Francisco Caballero presented in the registry of property for record in the register of agricultural contracts a deed of agricultural loan and mortgage executed by the spouses Evaristo Sánchez González and Lucía Ayala and mortgaging in favor of Caballero as security for the payment of the loan all of the land planted by the debtor with tobacco in certain properties described in the deed and declared by the Sánchez-Ayala spouses to belong to them.

Its record was denied and the registrar's decision is based on the fact that the express consent of the wife is not stated in the deed, as required by section 159 of the Civil Code.

The appellant attacks the registrar's decision from two directions: First, by alleging that the act of the husband in borrowing money to finance the cultivation of the farm properties belonging to the community is clearly an act of management; second, that although the deed does not contain the words of the statute, yet "the express consent was given by the wife as required by the statute," for she was a party to the deed and in its final paragraph she accepted and ratified the same.

These questions raised by the appellant are not new here and both of them have been considered and decided by this Supreme Court.

In this case the tobacco lands were mortgaged to secure the agricultural loan and as the crops have the character of real property belonging to the community, according to subdivision 2 of section 335 and section 1316 of the Civil Code, the express consent of the wife is indispensable in order that the husband may encumber the growing crops on properties belonging to the conjugal partnership. *Fajardo Sugar Co.* v. *Registrar*, 25 P. R. R. 176.

We agree with the reasoning of the registrar as regards the effects of mere acceptance in cases like the present, and from his brief we cite with approval the following:

"The appellant believes that mere acceptance in the manner stated is sufficient compliance with the provisions of section 159 of the Civil Code, but we are of the opinion that it is not sufficient that the wife be a party to the deed, which does not state expressly that the wife gives her consent to the contract, when it involves the encumbrance or alienation of real property or real rights belonging to the conjugal partnership, and that it is not sufficient to supply the express consent required by section 159 of the Civil Code that the notary state that the parties accept the contract. It was so held by the Supreme Court in the case of *Fernández Pérez* v. *Registrar of Caguas,* 26 P. R. R. 673, in which Juan Vázquez Ramos and his wife, Petronila Jiménez, were parties to the deed and the former mortgaged to Ramón Fernández Pérez a property belonging to the conjugal partnership, the deed not stating expressly that the wife consented to it, although she was a party. This Supreme Court held as follows: 'This being so, the refusal to record the mortgage lien on the house in question was well founded, since the wife had not expressly assented to the creation of the mortgage, as required by sections 159 and 1328 of the said code. The fact that the notary stated in the deed that the parties accepted it is not enough, for that statement is insufficient to supply the express consent required by law.' "

The citations made notwithstanding by the appellant refer to tacit consent and have no application to the instant case in which the law excludes all kinds of inferences and its language is mandatory and, therefore, should be construed strictly and, if possible, followed literally.

The decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.